# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SETH LANIER,

              Plaintiff,

v.                                            Case No:   6:18-cv-927-Orl-40KRS

EXECUTIVE GARDEN TITUSVILLE
HOTEL, LLC and ELCORNO MARTIN,

              Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 15)** |
| **FILED:** | **August 1, 2018** |

## I.   BACKGROUND.

On June 14, 2018, Plaintiff Seth Lanier filed suit against Defendants Executive Garden Titusville Hotel, LLC and Elcorno Martin alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Florida Constitution.   Doc. No. 1.   In the complaint, Plaintiff sought unpaid minimum wages, overtime compensation and liquidated damages.   *Id.* at 1. On July 12, 2018, Plaintiff filed a notice of settlement.   Doc. No. 11.   Thereafter, the parties jointly moved for the Court to approve their settlement agreement under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).   Doc. No. 13.

I denied the motion without prejudice, finding that the parties failed to provide all the information the Court requires to make a fairness finding under *Lynn's Food Stores*.   Doc. No. 14. Specifically, Plaintiff provided insufficient information on the amount of his overtime wage claim, and it was unclear whether the agreement on attorney's fees was reached without regard to the amount Plaintiff agreed to accept in the settlement.   *Id.* at 2.   In addition, I ordered the parties to address whether the release provision was overbroad and whether the no-rehire clause in the agreement undermined the fairness of the settlement.   *Id.*   I advised the parties that they could submit an amended settlement agreement or inform the Court if they agreed on the Court striking from the settlement agreement any provisions deemed overbroad or that otherwise undermined the fairness of the settlement.   *Id.* at 3.

The parties have filed a Renewed Joint Motion for Approval of Settlement.   Doc. No. 15. They agree that the Court may strike the no-rehire clause and overbroad provisions of the release. *Id.* at 2.    The matter is now ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   A court may only enter an order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1238 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater had the parties reduced the attorney's fees to a reasonable amount.   *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

### III.   ANALYSIS.

#### A.   *Whether Plaintiff Compromised His Claims.*

Under the Settlement Agreement, Defendants will pay a total of $5500.00.   Doc. No. 13-1 ¶ 1.   Plaintiff will receive $1250.00 to settle his claim of unpaid wages and $1250.00 to settle his claim for liquidated damages.   *Id.* ¶ 1.A.–B.   Plaintiff's counsel will receive $3000.00 in attorney's fees.   *Id.* ¶ 1.C.

In the renewed motion, the parties explain that Plaintiff claims approximately $993.00 in overtime compensation, as well as a lodging credit of $780.00, for a total of $1773.00 plus liquidated damages.   Doc. No. 15, at 2.   Plaintiff alleges that he worked approximately 233 hours of overtime, he was paid his standard pay of $8.50 per hour, and that he is owed an additional $4.25 per hour for each hour of overtime worked.   *Id.*   Regarding the lodging credit, the motion explains that Plaintiff lived at the Executive Garden Titusville Hotel for five weeks during his employment, and

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

Defendants deducted a $195.50 weekly lodging credit from Plaintiff's paycheck to accommodate. *Id.* at 2–3.[2]

Because Plaintiff will receive less than that to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food Stores*.  *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

> B.     *Fairness and Reasonableness of Settlement Amount.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food Stores*, evaluate whether the Settlement Agreement is fair and reasonable.   679 F.2d at 1353.   In the first Joint Motion for Approval of Settlement, counsel represented that the parties meaningfully disagreed over the number of hours and damages claimed by Plaintiff.  Doc. No. 13, at 2–3. Defendants disputed the number of overtime hours, Plaintiff's calculations of any overtime due, that the lodging credit was excessive, and the propriety of liquidated damages.  *Id.*  Counsel explained that the parties engaged in several weeks of settlement discussions that concerned independent calculations and that they agree that the negotiated settlement reached constitutes a reasonable compromise on the disputed issues.  Doc. No. 13, at 3.   Finally, counsel explained that Defendant agreed to the most recent settlement offer from Plaintiff, which resulted in the agreement at issue. *Id.*    These facts adequately explain the reasons for the compromise.   Moreover, the parties were represented by counsel throughout the settlement negotiations.   Accordingly, I recommend that the Court find the amount of the compromise reasonable.  *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the

---

[2] The calculation for the amount of overtime compensation ($4.25 x 233 hours) actually equals $990.25, and the calculation for the lodging credit as presented ($195.50 x 5 weeks) equals $977.50.   Thus, the grand total ($990.25 + $977.50) should be $1967.75.   Regardless, under either calculation and as explained in this Report and Recommendation, Plaintiff will be deemed to have compromised his claim because he will receive less under the Settlement Agreement than he claims he is owed.

parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

    *C.*    *Attorney's Fees and Costs.*

Because Plaintiff has compromised his claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.*

In the renewed motion, the parties state that the attorney's fees amount "was reached separately and without regard to the amount Plaintiff agreed to accept in the settlement to cover his wage claims." Doc. No. 15, at 3. The parties agree that the amount is reasonable based on the amount of work performed and the costs incurred. *Id.* Based on these representations, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

    *D.*    *Scope of Release.*

The Court must next consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012). "[A]n

employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010).   Here, the release provides that Plaintiff:

> agrees that this is a disputed claim and represents that upon receipt of the above mentioned funds, he will have released all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et al., for any and all work performed for or on behalf of The Released Parties, and will dismiss any lawsuit he has filed against The Released Parties.

Doc. No. 13-1 ¶ 2.   "The Released Parties" are defined as:

> EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, a Florida Limited Liability Company, and ELCORNO MARTIN, Individually, and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").

*Id.* at 1.

In denying the initial motion for settlement approval, I noted that "The Released Parties" include individuals and entities that Plaintiff cannot presently identify, including future affiliates, successors and assigns.   Doc. No. 14.   Some Judges have found that an FLSA settlement agreement purporting to release nonparties who have not been adequately identified is not fair and reasonable.   *See, e.g.*, *Turner v. HJB Express Freight, Inc.*, No. 6:17-cv-655-Orl-37KRS, 2018 WL 3151680, at *4 (M.D. Fla. Apr. 20, 2018) (and cases cited therein).   When there is a severance clause, such as in the settlement agreement here (Doc. No. 13-1 ¶ 7), courts have stricken the overbroad provisions in a release.   *Turner*, 2018 WL 3151680, at *4–5.

In the renewed motion, the parties agree that the Court may strike extension of the release to unknown future affiliates, successors and assigns of Defendants pursuant to the severability

clause in the agreement.  Doc. No. 15, at 2.  Therefore, I recommend that the Court revise the definition of "The Released Parties" on the first page of the Settlement Agreement as follows:

> EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, a Florida Limited Liability Company, and ELCORNO MARTIN, Individually, and their respective present~~, and~~ past~~, and future~~ affiliates, predecessors, heirs, ~~successors~~, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").

Doc. No. 13-1, at 1.

As to the remainder of the release, because Plaintiff agrees only to release "all claims under the under the Fair Labor Standards Act, 29 U.S.C. § 201 et al., for any and all work performed for or on behalf of The Released Parties," I recommend that the Court find that this aspect of the release is permissible in scope and not the type that undermines the fairness or reasonableness of the settlement.  *See, e.g.*, *Cooper v. Garda CL Se., Inc*., No. 6:15-cv-1677-ORL-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint"; finding release permissible when it is limited to claims existing at time of settlement and plaintiff is not releasing wage or overtime claims that may arise in the future or other non-wage claims). Accordingly, after revision of the definition of "The Released Parties," I recommend that the Court find the release permissible in scope.

E.    *No-rehire Provision.*

The settlement agreement includes a no-rehire provision whereby Plaintiff agrees: not to apply for, solicit, seek or accept further employment with Defendants; that Defendants have no obligation to employ or contract with Plaintiff; that Defendants have no obligation to process an employment application from him or hire him; and that failure to process an application from

Plaintiff or failure to hire him will not constitute a violation of local, state or federal law.   Doc. No. 13-1 ¶ 4.   The provision further provides that should any prospective employer contact Defendants regarding Plaintiff, Defendants will provide a neutral reference stating only Plaintiff's dates of employment, pay rate and position.   *Id.*

Much like confidentiality provisions, "courts routinely strike no-rehire provisions." *Rosado v. Melao Bakery LLC*, No. 6:16-CV-1060-ORL-41KRS, 2017 WL 2643982, at *4 (M.D. Fla. May 17, 2017), *report and recommendation adopted*, 2017 WL 2634795 (M.D. Fla. June 19, 2017) (citations omitted)).   In the renewed motion, the parties represent that the no-rehire clause may be stricken from the Settlement Agreement pursuant to the severability clause.   Doc. No. 15, at 2.   Accordingly, the Court should sever the no-rehire provision (Doc. No. 13-1 ¶ 4) from the agreement.   *See* Doc. No. 13-1 ¶ 7.

## IV.   RECOMMENDATIONS.

Based on the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.   **STRIKE** language from and **REVISE** the definition of "The Released Parties" in the Settlement Agreement (Doc. No. 13-1, at 1) to state as follows:

> EXECUTIVE GARDEN TITUSVILLE HOTEL, LLC, a Florida Limited Liability Company, and ELCORNO MARTIN, Individually, and their respective present and past affiliates, predecessors, heirs, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties").

2.   **SEVER** the no-rehire provision (Doc. No. 13-1 ¶ 4) from the Settlement Agreement;

3.   **FIND** that the parties' Settlement Agreement (Doc. No. 13-1), as amended by the Court, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4.   **GRANT** the Renewed Joint Motion for Approval of Settlement (Doc. No. 15);

5.    **DISMISS** the case with prejudice; and

6.    **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 17, 2018.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy